# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BRIAN BEST,

     Plaintiff

v.

MEREDITH BERESFORD, et. al.,

     Defendants

Case No.: 3:18-cv-00554-RCJ-WGC

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF Nos. 1, 1-1

     This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

     Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1). It is recommended that the IFP application be granted; the complaint be filed; and that some claims be dismissed with prejudice while others be dismissed without prejudice and with leave to amend.

## I. IFP APPLICATION

     A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under

Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names as defendants Meredith Beresford of the Carson City District Attorney's Office and Detective Sam Hatley of the Carson City Sheriff's Department. (ECF No. 1-1 at 1.) He appears to challenge a criminal investigation, possibly his arrest, criminal charges made against him, and his prosecution. It is not entirely clear whether he is challenging any

detention that may have resulted from the alleged conduct. He alludes to the fact that he eventually entered a no contest plea to the charges. He asserts claims for: lack of probable cause that he committed a crime and that evidence of his innocence was ignored; witness tampering; malicious  prosecution; libel; abuse of process; judicial misconduct; and perjury. He asks for relief in the form of monetary damages.

### 1. Section 1983 Standard

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983). The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 137 S.Ct. 911, 920 (2017) (citing *Albright*, 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id*. (citing *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978)).

The court will now address the claims asserted in the complaint.

### 2. Unlawful Arrest, Prosecution, and/or Detention

Plaintiff appears to allege that charges eventually levied against him were not supported by probable cause, and that as a result the criminal complaint was false. It is not entirely clear what the parameters of his claim(s) are, as he references an arrest, but does not provide adequate facts to determine whether he is specifically challenging the arrest and/or whether he was subsequently detained and is challenging that detention. In addition, he mentions the investigation against him but does not specifically allege whether and what he is challenging in terms of the investigation.

Preliminarily, the court notes that Plaintiff does not implicate defendant Detective Hatley in these allegations. Instead, they are directed at the conduct of the assigned deputy district attorney Meredith Beresford.

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure." U.S. Const. amend. IV. "A person is seized" whenever an official restricts "his freedom of movement" such that he is "not free to leave." *Brendlin v. California*, 551 U.S. 249, 254 (2007). The general rule is that "seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." *Bailey v. United States*, 568 U.S. 186, 192 (2013). In other words, "[t]he Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill*, 137 S.Ct. 911, 918 (2017) (citation omitted). "That can happen when the police hold someone without any reason before the formal onset of a criminal proceeding." *Id.* "[I]t can also occur when legal process itself goes wrong—when, for example, a judge's probable cause determination is predicated solely on a police officer's false statements." *Id.* "If the complaint is that a form of legal process resulted in pretrial detention

unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." *Id*. at 919.

The complaint alleges that the allegations of the criminal complaint were false, as the district attorney wrote the criminal complaint after she obtained proof of innocence; and that in court, she complained she was overworked, and did not weigh the evidence of innocence. (ECF No. 1-1 at 2.) The complaint goes on to allege that five weeks after the investigation ended without an arrest, the district attorney issued three charges unsupported by evidence, and then a false fourth charge. (*Id*.) Plaintiff also asserts that the preliminary hearing conducted by Judge Tatro was a sham because the judge should have dismissed the case when the district attorney told him there was no evidence. (ECF No. 1-1 at 6.)

A prosecutor is protected by absolute immunity from liability for damages under section 1983 "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted). To qualify as advocacy, an act must be "intimately associated with the judicial phase of the criminal process[.]" *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). In evaluating the applicability of prosecutorial immunity the court analyzes "the nature of the function performed[.]" *Kalina,* 522 U.S. at 127 (citation omitted). Prosecutors are entitled to qualified immunity, rather than absolute immunity, when they perform administrative or investigative functions normally performed by a detective or police officer. *Imbler*, 424 U.S. at 430-31; *Kalina*, 522 U.S. at 125; *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

In *Imbler*, the Supreme Court observed that this absolute immunity "leave[s] the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Imbler*, 424 U.S. at 427. This is justified, however, because "the alternative of qualifying a prosecutor's immunity would disserve the broader public

1  interest." *Id.* "It would prevent the vigorous and fearless performance of the prosecutor's duty

2  that is essential to the proper functioning of the criminal justice system." *Id*. at 427-28.

3        Plaintiff's allegations in this claim confront the criminal complaint drafted by the deputy

4  district attorney and statements made in court, which are undoubtedly "intimately associated with

5  the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. "A prosecutor is absolutely

6  immune from liability for failure to investigate the accusations against a defendant before filing

7  charges." *Broam v. Bogan,* 320 F.3d 1023, 1029 (9th Cir. 2003) (citing *O'Connor v. Nevada,* 686

8  F.2d 749, 750 (9th Cir. 1982) (per curiam)). "A prosecutor's decision not to preserve or turn over

9  exculpatory material before trial, during trial, or after conviction…[is]… an exercise of the

10  prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for

11  damages." *Id*. at 1030 (citing *Imbler,* 424 U.S. at 431-32 n. 34, and others). Therefore, these

12  claims should be dismissed with prejudice.

13        Insofar as he alleges that his preliminary hearing with Judge Tatro was a sham, Judge

14  Tatro is entitled to absolute immunity for conduct during a preliminary hearing. *See In re*

15  *Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). Therefore, this claim should be dismissed with

16  prejudice.

17        He also asserts that the district attorney "arrested" him by manipulating the El Dorado

18  County Sheriff's Department into arresting him under a false criminal charge of being a fugitive

19  from justice. (ECF No. 1-1 at 9-10.) Plaintiff does not include sufficient factual allegations for

20  the court to conclude whether the district attorney's alleged manipulation of the sheriff's

21  department may subject the prosecutor to some sort of immunity if she was acting in an

22  administrative or investigative role (and not in a role intimately associated with the judicial phase

23

of the criminal process). Therefore, Plaintiff should be given leave to amend with respect to this claim.

To the extent Plaintiff is alleging a deliberate fabrication of evidence claim based on allegations that the district attorney and/or officer continued the investigation against him despite knowing of his innocence, he should be also given leave to amend, but must include specific factual allegations to state a plausible claim for relief. If he elects to amend in this regard, he should keep in mind the authority above about absolute prosecutorial immunity.

### 3. Witness Tampering

Plaintiff alleges that the police harassed the witnesses in the case. The only allegation specific to a defendant in this action is that Detective Hatley showed a girl being interviewed naked anatomical dolls and pointed to male genitalia to ask if she knew the name of the body part. (ECF No. 1-1 at 3.) Plaintiff asserts that his conduct was in violation of policy, guidelines and procedures. (*Id*.)

"[T]here is no constitutional due process right to have child witnesses in a child sexual abuse investigation interviewed in a particular manner, or to have the investigation carried out in a particular way." *Devereaux v. Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001). "Consequently, mere allegations that Defendants used interviewing techniques that were in some sense improper, or that violated state regulations, without more, cannot serve as the basis for a claim under § 1983." *Id. Devereaux* stated that to state such a claim, there must be allegations that the investigative techniques used "were so coercive and abusive that [the defendant] knew or should have known that those techniques would yield false information." *Id*. at 1076 (citations omitted).

These are not the type of allegations presented. Therefore, this claim should be dismissed, but with leave to amend.

### 4. Malicious Prosecution

Next, Plaintiff alleges that the district attorney charged him with three crimes without probable cause and contrary to evidence he was innocent. (ECF No. 1-1 at 4.) He avers that evidence was discovered and given to the district attorney, and she still refused to drop the charges, and finally agreed to a plea bargain. (*Id.*)

In addition, he alleges that a fugitive from justice warrant was falsely issued. He references the fact that he moved in with his parents and believes he mentioned this to Detective Hatley.  He states that two sheriffs came to his parents' house, one with a handgun and one with an assault rifle, while his cousin and her family were visiting. His mother and his cousin's family were allowed to leave, but his father was put in handcuffs and Plaintiff had the assault rifle pointed at his head while in handcuffs while they searched him and the house. (ECF No. 1-1 at 5-6.)

To state a colorable claim for malicious prosecution under Nevada law, a plaintiff must allege: (1) lack of probable cause to initiate a prior criminal proceeding; (2) malice; (3) favorable termination of the criminal proceeding; and (4) damages. *LaMantia v. Redisi*, 118 Nev. 27, 30 (2002). For a malicious prosecution claim "to be cognizable under § 1983, in addition to showing that the defendants prosecuted him with malice and without probable cause, a plaintiff must demonstrate a Fourth Amendment seizure (or the violation of another such 'explicit textual source of constitutional protection')." *Yousefian v. City of Glendale*, 779 F.3d 1010, 1015 (9th Cir. 2015 (citing *Albright v. Oliver*, 510 U.S. 266, 271-75 (1994); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)).

Again, "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck*, 512 U.S. at 484;

1    *Manuel*, 137 S.Ct. at 920-21. This element "avoids parallel litigation over the issues of probable

2    cause and guilt" and precludes the possibility of conflicting outcomes." *Heck*, 512 U.S. at 484.

3        A claim for malicious prosecution accrues upon dismissal of the criminal charges, and the

4    statute of limitations does not start to run until that termination takes place. *Manuel v. City of*

5    *Joliet*, 137 S.Ct. 911, 921 (2017) (citing *Heck*, 512 U.S. 484, 489.)

6        Here, Plaintiff's complaint alleges that he ultimately entered a no contest plea to the

7    charges. He does not allege that his conviction pursuant to the no contest plea was ever

8    invalidated. A no contest plea cannot be characterized as a termination of the criminal

9    proceeding in his favor. Therefore, his claim has not yet accrued, and his malicious prosecution

10   claims should be dismissed without prejudice. Plaintiff may re-file them once they have accrued,

11   i.e., if and when he receives a favorable termination of the criminal proceeding in his favor.

12       The court notes that to the extent the claim is based on allegations of conduct the district

13   attorney engaged in that were intimately associated with the judicial phase of the criminal

14   process, such as filing the criminal complaint, bringing charges, and negotiating a plea, she

15   would still be entitled to absolute immunity from a civil suit for damages when the claim

16   accrues.

17       **5. Libel**

18       Plaintiff asserts a claim of libel against the district attorney because the charges filed

19   against him that were then published in newspapers and websites, and people he knew had access

20   to them. He avers that he lost friends and received harsh comments in response to the articles.

21   Insofar as it can be argued that the newspapers only printed that he was charged, he maintains

22   that he was falsely charged without probable cause. (ECF No. 1-1 at 4-5.)

23

This claim is based on the publication of charges made by the district attorney. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Insofar as Plaintiff's claim is based on the allegation that the charges asserted against him by the prosecutor were false, the prosecutor is entitled to absolute immunity. *See Burns v. Reed*, 500 U.S. 478, 489-90 (1991) (noting that "prosecutors and other lawyers were absolutely immune from damages liability at common law for making false or defamatory statements in judicial proceedings"); *Imbler*, 424 U.S. at 426, n. 23 (noting that there is absolute privilege in the courtroom in the law of defamation for any statement relating to the proceeding, which also extends to briefs and pleadings).

The State of Nevada has recognized "the long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged." *Fink v. Oshins*, 49 P.3d 640, 644, 118 Nev. 428, 433 (Nev. 2002) (citation and quotation marks omitted).  It "precludes liability even where the defamatory statements are published with knowledge of their falsity and personal ill will toward the plaintiff." *Id*. (citation and quotation marks omitted). It applies "not only to communications made during actual judicial proceedings, but also to communications preliminary to a proposed judicial proceeding" if it is "made in contemplation of initiation of the proceeding." *Id*. (citation and quotation marks omitted).

Plaintiff's libel claim against the prosecutor must therefore be dismissed with prejudice.

**6. Abuse of Process**

Under the abuse of process heading, Plaintiff alleges that the district attorney refused to drop the charges even though there was no probable cause or proof. He asserts that the district attorney "held out" for five months based on results of a hair test that eventually came back negative. Then, the district attorney agreed to a plea bargain. (ECF No. 1-1 at 6.)

The Ninth Circuit has not addressed whether an abuse of process claim is cognizable under section 1983. *See West v. City of Mesa*, 708 Fed.Appx. 288, 292 (9th Cir. 2017) (affirming dismissal of abuse of process claim where defendants allegedly violated plaintiff's constitutional rights by presenting false testimony and evidence to procure a conviction).

In Nevada, an abuse of process claim can arise from civil or criminal proceedings. *LaMantia v. Redisi*, 38 P.3d 877, 879, 118 Nev. 27, 30 (Nev. 2002) (citation omitted). "Malice, want of probable cause, and termination in favor of the person initiating or instituting proceedings are not necessary elements for a prima facie abuse of process claim." *Id*. (citation omitted). The two fundamental elements that constitute the basis of the tort of abuse of process are: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *See Posadas v. City of Reno*, 851 P.2d 438, 444-45, 109 Nev. 448, 457 (Nev. 1993) (citation omitted).

> Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish.

*Laxalt v. McClatchy*, 622 F.Supp. 737, 751 n. 3 (quoting William L. Prosser, Law of Torts 856 (4th ed. 1971)), *overruled on other grounds by LaMantia*, 38 P.3d 877.  The ulterior purpose "includes any 'improper motive' underlying the issuance of legal process." *Dutt v. Kremp*, 894

P.2d 354, 360, 111 Nev. 567, 575 (Nev. 1995) (citing *Laxalt v. McClatchy*, 622 F.Supp. 737, 751 (D. Nev. 1985)), *overruled on other grounds by LaMantia v. Redisi*, 38 P.3d 877 (Nev. 2002)).

"The mere filing of a complaint with malicious intent is insufficient [to state an abuse of process claim.] … [T]here must also be some subsequent act to filing which abuses the process." *Laxalt*, 622 F.Supp. at 741, n. 3.

Plaintiff does not allege the defendants used the legal process to accomplish a goal other than for what it was created. Plaintiff focuses on the district attorney's refusal to drop the charges against him; however, a prosecutor enjoys absolute immunity concerning the decision of whether and when to prosecute charges. *See Milstein v. Cooley*, 257 F.3d 1004, 1012 (9th Cir. 2001); *Morley v. Walker*, 175 F.3d 756, 760 (9th Cir. 1999) (failure to dismiss charges after learning new information related to prosecutorial activity for which courts have granted absolute immunity). Therefore, the abuse of process claim should be dismissed. Plaintiff should be given leave to amend to attempt to cure the noted deficiencies.

**7. Perjury**

Plaintiff alleges that the criminal complaint filed by Beresford was made up, and therefore perjured. A prosecutor is entitled to absolute immunity based on these allegations. *Imbler*, 424 U.S. at 430. Therefore, this claim should be dismissed with prejudice.

**8. Negligence**

Plaintiff alleges that the district attorney agreed at the final court date to seal the records and later refused. (ECF No. 1-1 at 10.)

First, Plaintiff does not include sufficient allegations to support a negligence claim in Nevada. *See DeBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732, 128 Nev. 406, 412 (Nev. 2012) (elements of negligence claim are: "(1) the defendant owed the plaintiff a duty of

care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages."). Moreover, as was set forth above, under Nevada law, the prosecutor has absolute immunity for statements made in the judicial proceeding such as agreeing to seal a record. Therefore, this claim should be dismissed. Plaintiff should be given leave to amend as it is not clear that he would be unable to state any negligence claim against the defendants at this juncture.

**9. Heck**

Plaintiff preemptively argues it would be unconstitutional to apply *Heck* to his situation. (ECF No. 1-1 at 8-9.) The court need not address the specific application of *Heck* to the original complaint since the claims are being dismissed; however, because Plaintiff is being given leave to amend with respect to some claims and because he has raised the issue in his original complaint, the court will discuss the application of *Heck* to any amendment.

In *Heck v. Humphrey*, the petitioner was convicted of voluntary manslaughter for killing his wife and was sentenced to 15 years in prison. *Heck v. Humphrey*, 512 U.S. 477, 478 (1994). While his criminal appeal was pending, he filed an action under section 1983 against two prosecutors and a state police investigator alleging they engaged in an unlawful and unreasonable investigation that led to his arrest; that they knowingly destroyed exculpatory evidence that proved his innocence; and caused an illegal voice identification procedure to be used at his trial. *Id*. at 478-79.

The Supreme Court held that to recover damages for the alleged unconstitutional conviction or imprisonment "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

1   state tribunal authorized to make such a determination, or called into question by a federal court's

2   issuance of a writ of habeas corpus[.]" *Id*. at 486-87. As such, the court must determine whether

3   "a judgment in favor of the plaintiff would necessarily imply the invalidity of [the plaintiff's]

4   conviction or sentence." *Id*. If so, the complaint must be dismissed (unless the conviction or

5   sentence was already invalidated).

6        The question here, then, is whether *Heck* applies to bar a claim (or at least defer accrual

7   of a claim) when the civil rights plaintiff entered a plea of no contest to the underlying crime.

8   This discussion would apply to only those constitutional claims Plaintiff asserts in an amended

9   complaint to which the doctrine of absolute immunity (or some other bar to suit) does not apply.

10       Typically, *Heck* arises to bar a section 1983 action when the plaintiff is imprisoned and

11  could pursue a direct criminal appeal or petition for writ of habeas corpus, or has pursued those

12  claims and lost. In this case, however, Plaintiff is not in custody and entered a no contest plea to

13  the underlying charges.

14       The court will summarize the law on this issue in the Ninth Circuit, which is admittedly

15  somewhat confusing. In *Szajer v. City of Los Angeles*, 632 F.3d 607, 612 (9th Cir. 2011)

16  (decided February 11, 2011), the plaintiffs had entered a no contest plea to the single count of

17  felony in possession of a weapon. They filed suit under section 1983 alleging violation of civil

18  rights related to the allegedly illegal search and seizure of personal property.  Specifically, they

19  argued the affidavit for the search warrant omitted material information and misled the

20  magistrate judge. At the time of the suit, the conviction had not been invalidated. 632 F.3d at

21  609-10. The district court granted summary judgment, finding the claims were *Heck*-barred

22  because a finding in favor of the plaintiffs would necessarily imply the invalidity of the

23

convictions. The Ninth Circuit affirmed, but did not specifically discuss the applicability of *Heck* to a no-contest plea.

Later that same year, the Ninth Circuit decided *Lockett v. Ericson*, 656 F.3d 892 (9th Cir. 2011). The plaintiff had been charged with driving under the influence and related charges arising from an incident where he had slid his car off the road near his house and walked home when he could not get the car back on the road. 656 F.3d at 894. Officers found the car, went to plaintiff's house and he appeared to be drunk, and they administered a field sobriety test which he did not pass. He was taken to the highway patrol office and a breathalyzer test was administered, with a result of 0.17. The county prosecutor filed a misdemeanor complaint for driving under the influence. Lockett filed a motion to suppress that argued the officers violated the Fourth Amendment in the search of his home, but the motion was denied. *Id*. at 894-95. After the suppression motion was denied, he entered a plea of no contest to a lesser violation. *Id*. at 895. He was placed on probation for three years. *Id*. He later filed a section 1983 complaint alleging the officers violated his Fourth Amendment rights.

The district court concluded the claim was *Heck*-barred. The Ninth Circuit disagreed. *Id*. at 896. The court pointed to its decision in *Ove v. Gwinn*, 264 F.3d 817 (9th Cir. 2011), where the section 1983 plaintiffs asserted claims related to blood tests taken after arrests for suspicion of driving under the influence. *Ove*, 264 F.3d at 820. Suppression motions were filed. One of the plaintiffs entered a no contest plea when his suppression motion was never ruled on, and one entered a guilty plea after his suppression motion was denied. The convictions were not invalidated when they filed a section 1983 action. In *Ove*, the Ninth Circuit held that *Heck* did not bar the section 1983 claims, reasoning that no evidence had ever been introduced against those criminal defendants. *Id*. at 823. Therefore, the convictions "derive[d] from their pleas, not

from verdicts obtained with supposedly illegal evidence." *Ove*, 264 F.3d at 823 (emphasis

omitted). The validity of the convictions did not depend on the legality of the blood draws. *Id.*

In *Lockett*, the criminal defendant had also entered a no contest plea. *Lockett*, 656 F.3d at

896-97. He was not tried, and no evidence had been introduced against him. Therefore, like *Ove*,

the conviction derived from the plea and not a verdict obtained with allegedly illegal evidence.

So, the conviction did not depend on the legality of the search of the home. As a result, the Ninth

Circuit concluded *Heck* did not bar Lockett's section 1983 claim. *Id.* at 897.

The Ninth Circuit confronted this issue again in a per curiam opinion in 2018: *Byrd v.*

*Phoenix Police Dep't*, 885 F.3d 639 (9th Cir. 2019). In that case, Byrd filed a section 1983 action

for alleged violations of his constitutional rights during a traffic stop by Phoenix Police

Department Officers. He alleged he was stopped for riding a bike without a headlight (but never

received a citation for that offense), and then he claimed he was searched and beaten. *Id.*at 640-

41. He later entered a guilty plea to conspiracy to commit possession of a dangerous drug and

was sentenced to 10 years in prison. *Id.* at 641. In his section 1983 action, he alleged he was

unlawfully searched, and that the officers used excessive force. The district court screened the

complaint under 28 U.S.C. § 1915A, and concluded that the claims were *Heck* barred as they

were similar to claims he asserted in a habeas petition that was pending at the time. *Id.* at 641,

643. Byrd appealed, and the Ninth Circuit addressed whether success in the suit would

necessarily imply that Byrd's conviction was invalid. *Id.* at 643.

The Ninth Circuit concluded *Heck* would not bar Byrd's claims because his conviction

resulted from a plea agreement. *Id.* The court pointed to its decisions in *Ove* and *Lockett*. Byrd,

like the plaintiffs in *Ove* and *Lockett*, entered a plea (this time a guilty plea), and had no evidence

1  used against him; therefore, if he was successful in his section 1983 action, it would not

2  necessarily demonstrate his conviction was invalid. *Id*. at 644.

3         In *Byrd*, the appellees specifically argued that *Szajer* supported the district court's

4  conclusion that the claims were *Heck*-barred. The Ninth Circuit explained that in *Szajer*, the

5  plaintiffs were convicted under guilty and no contest pleas to crimes of possession (drugs and

6  weapons), and the evidence supporting the possession convictions was found in the search that

7  was subsequently challenged in the section 1983 action. As such, if the plaintiffs prevailed in the

8  section 1983 claims, it would necessarily imply the invalidity of the conviction. The court

9  explained that in *Byrd*, the conviction was based on methamphetamine Byrd had thrown when

10 the police were questioning him, which they later recovered some distance away from Byrd.

11 *Byrd*, 885 F.3d at 645. The section 1983 claims, on the other hand, were based on allegations that

12 the police illegally searched him and used excessive force. These claims, the court explained,

13 "ha[d] nothing to do with the evidentiary basis for the conspiracy conviction." *Id*. (citation

14 omitted). Therefore, success in the section 1983 action would not necessarily imply the invalidity

15 of the conviction. *Id*.

16        Following *Byrd*, it seems that in the Ninth Circuit, whether a section 1983 claim will be

17 *Heck*-barred when the underlying conviction was obtained pursuant to a no contest (or guilty)

18 plea depends on the allegations in the section 1983 action and the evidentiary basis of the

19 conviction. A district court in Arizona described it as follows:

20        At first glance the decisions in *Lockett, Ove*, and *Szajer* appear to
          be inconsistent. However, the decisions are reconcilable if they are

21        understood as together standing for the proposition that a § 1983
          action is *Heck* barred when successfully proving the plaintiff's

22        § 1983 claims would fatally undermine the factual basis of an
          outstanding plea-based conviction, because under such

23        circumstances the § 1983 action challenges the validity of the
          outstanding conviction.

*Taylor v. County of Pima*, No. cv-15-00153-TUC-RM, 2017 WL 6550590, at * 8 (D. Ariz. Mar. 16, 2017).

In sum, whether *Heck* will bar or defer accrual of any claims in an amended complaint will depend on the evidentiary basis of Plaintiff's conviction obtained through the no contest plea as well as the contours of the section 1983 claims.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) Plaintiff's Fourth Amendment claims against Meredith Beresford should be **DISMISSED WITH PREJUDICE** to the extent they rely on conduct undertaken by Beresford that was intimately associated with the judicial phase of the criminal case. Plaintiff should be given **LEAVE TO AMEND**, however, insofar as he may be able to state Fourth Amendment claims against Beresford for which she does not have absolute immunity. To the extent Plaintiff implicates Judge Tatro in his Fourth Amendment claims, he should be **DISMISSED WITH PREJUDICE**.

(4) Plaintiff's witness tampering claim against Hatley should be **DISMISSED WITH LEAVE TO AMEND**.

(5) The malicious prosecution claims should be **DISMISSED WITHOUT PREJUDICE** as they have not yet accrued. They may be refiled once the conviction is invalidated. To the extent the malicious prosecution claims are asserted against Beresford based on allegations of

conduct that was intimately associated with the judicial phase of the criminal process (such as filing the criminal complaint, bringing charges, and negotiating a plea), they should be **DISMISSED WITH PREJUDICE** as Beresford is entitled to absolute immunity as to those claims.

(6) The libel claim should be **DISMISSED WITH PREJUDICE**.

(7) The abuse of process claim should be **DISMISSED, BUT WITH LEAVE TO AMEND**.

(8) The perjury claim against Beresford should be **DISMISSED WITH PREJUDICE**.

(9) Plaintiff's negligence claim should be **DISMISSED WITH LEAVE TO AMEND**.

(10) The Clerk should be directed to **SEND** Plaintiff a form section 1983 complaint. Plaintiff should be given 30 days from the date of any order adopting and accepting this Report and Recommendation to file an amended complaint. The complaint should be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading  as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 27, 2019

William G. Cobb
United States Magistrate Judge