UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN BEST,<br><br>　　　Plaintiff,<br><br>v.<br><br>MEREDITH BERESFORD, *et al.*,<br><br>　　　Defendants. | Case No.: 3:18-cv-00554-RCJ -WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 6, 12 |

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's amended complaint, which the court now screens under 28 U.S.C. § 1915(e)(2)(B). Plaintiff has also filed a motion for injunctive relief asking the criminal charges against him to be dismissed. (ECF No. 6.)

After a thorough review, it is recommended that the amended complaint be dismissed with prejudice, and the motion for injunctive relief be denied as moot.

## I. BACKGROUND

Plaintiff filed his complaint and application to proceed in forma pauperis (IFP). (ECF Nos. 1, 1-1.) On February 27, 2019, the court issued a report and recommendation that Plaintiff's IFP application be granted, and that certain claims be dismissed with prejudice, certain claims be dismissed without prejudice as they have yet to accrue, and that certain claims be dismissed with leave to amend. (ECF No. 3.) In particular, the court recommended that: (1) Plaintiff's Fourth Amendment claims against District Attorney Meredith Beresford be dismissed with prejudice to the extent they rely on conduct undertaken by Beresford that was intimately associated with the

judicial phase of the criminal case, but that Plaintiff be given leave to amend to the extent Plaintiff may be able to state a Fourth Amendment claim against Beresford for which she does not have absolute immunity; and, that the Fourth Amendment claims against Judge Tatro be dismissed with prejudice; (2) Plaintiff's witness tampering claim against Detective Hatley be dismissed with leave to amend; (3) Plaintiff's malicious prosecution claims be dismissed without prejudice as they have not yet accrued (but with prejudice to the extent they rely on allegations of conduct by Beresford that were intimately associated with the judicial phase of the criminal process for which she is entitled to absolute immunity); (4) the libel claim be dismissed with prejudice; (5) the abuse of process claim be dismissed with leave to amend; (6) the perjury claim against Beresford be dismissed with prejudice; (7) the negligence claim be dismissed with leave to amend.

Plaintiff filed objections to the report and recommendation. (ECF Nos. 4, 5.) He also filed a motion for injunctive relief, requesting that the criminal case be dismissed. (ECF No. 6.) On April 2, 2019, District Judge Jones entered an order adopting and accepting the report and recommendation and gave Plaintiff 30 days to file an amended complaint using the section 1983 civil rights complaint form that was mailed to him. (ECF No. 8.) Plaintiff did not timely file an amended complaint, but filed another document, essentially re-asserting his objections to the report and recommendation and arguing the merits of his case. (ECF No. 10.) Judge Jones issued an order on May 28, 2019, stating that if Plaintiff failed to file an amended complaint within 30 days the court could dismiss the case with prejudice for want of prosecution, and directed the Clerk to re-send the form complaint. (ECF No. 11.)

Plaintiff filed the amended complaint on July 1, 2019 (ECF No. 12), which the court now screens.

///

## II. SCREENING STANDARD

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally

3

cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III. DISCUSSION

### A. General Allegations of the Amended Complaint

The Amended Complaint names as defendants District Attorney Meredith Beresford and Detective Sam Hatley. (ECF No. 12 at 1-2.) The amended complaint includes seven counts asserting claims for violation of the Fourth Amendment, the Eighth Amendment, and the Fourteenth Amendment, as well as libel, witness tampering, abuse of process and negligence.

Plaintiff alleges that he woke up to a loud knock at his door and looked out his window to see what looked like two police/sheriff officers, one of which was Detective Hatley. Plaintiff got a small flashlight and went to the window to verify it was police, and Hatley shined his flashlight into Plaintiff's eyes and said, "Do you want us to wake up your neighbors with what this is about or do you want to let us in?" (ECF No. 12 at 2.) Plaintiff opened the door and began to step outside to see what they wanted, but then decided to let them in. (*Id*. at 3.)

Hatley asked Plaintiff if he had shaved a kid's head, and Plaintiff said no. Hatley asked if Plaintiff would be surprised if there were other allegations against him, and Plaintiff did not know what that meant. Hatley questioned Plaintiff about a prior incident where a neighbor girl knocked at Plaintiff's door and asked for food two days before. He answered the questions, indicating that

4

he ultimately gave the girl and her friends some food and then two of the kids walked into Plaintiff's apartment and were there for 30 seconds while using the toaster, and they walked outside and ate the food. The kids left. Hatley asked to see Plaintiff's hair clippers, and Plaintiff said he had two sets and told Hatley where they were located. Both were confiscated, and Hatley said, "See, there's a long hair," which Plaintiff did not see. He says that Hatley falsely accused Plaintiff of trying to grab the clippers even though Plaintiff did not try to touch them. (*Id*.)

Hatley asked Plaintiff to take a DNA test, and Plaintiff asked to come in on Monday. Hatley said, "I think you're lying" several times. Plaintiff agreed to take the DNA test, and Hatley left. (*Id*. at 4.)

Plaintiff moved out and told Hatley he was going to do so when he was questioned. Plaintiff called Hatley and left voicemails, but Hatley did not call him back. Plaintiff consulted with attorneys who told him it should be fine for him to move in with his parents while he found a new place to live. (*Id*.)

Five weeks later, Plaintiff was living with his parents in South Lake Tahoe, and deputies from the El Dorado County Sheriff's Department showed up at his parents' house and searched Plaintiff, handcuffed him and held an assault rifle to his head while they searched Plaintiff's parents' house. Plaintiff was arrested on charges originating from Hatley's investigation five weeks earlier. (*Id*.)

Plaintiff alleges that the warrant was issued because the DA decided to file an arrest warrant along with a fugitive of justice warrant. (*Id*. at 4-5.)

Plaintiff avers that evidence from the investigation showed Plaintiff had not committed any crimes. He claims there was no probable cause to support the statements made in the criminal complaint under penalty of perjury. Instead, Plaintiff alleges that the investigation had proof

5

Plaintiff was innocent of the allegations of the criminal complaint. He says that Beresford and Hatley only focused on the neighbor girl's head being shaved (or her hair being cut), but did not mention anything related to the criminal charges. (*Id.* at 5.) He contends that his hair clippers were eventually tested and the test results indicated he was innocent, but Beresford refused to drop the charges, forcing Plaintiff to choose between pleading no contest or go to trial. He claims this was abuse of process. (*Id.* 6.)

Plaintiff avers that from the police reports and statements made by Hatley, as well as video interviews, it appears the child witness was "patently coerced." In two different police reports, she interviewed and said, "I don't know what you're talking about." Then, according to Hatley's statements to Plaintiff, she was forced to comply with an invasive rape exam which revealed nothing out of the ordinary. The girl was then isolated from her family and taken to be interrogated by Hatley for a third interview and responses to questions were suggested to her. Other witnesses complained law enforcement had harassed them. (*Id.* at 6-7.)

Plaintiff goes on to allege that an article "seemingly written by the DA's office" was "seemingly" forwarded to local news companies with Plaintiff's name, birthday, picture and false allegations against Plaintiff. As a result, Plaintiff received harsh comments and death threats. Plaintiff claims this was perjury and libelous. (*Id.* at 7.)

Plaintiff avers that at the last court date for the criminal case, the District Attorney said to the judge: "There is no evidence" and "we don't know what happened." He contends this reflects the lack of probable cause.

///

///

///

**B. Specific Claims**

    **1. Count I-Fourth Amendment**

In Count I, Plaintiff alleges that he was arrested without probable cause by Meredith Beresford because at the last court date she admitted there was no evidence and they did not know what happened. (ECF No. 12 at 8.)

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure." U.S. Const. amend. IV. "A person is seized" whenever an official restricts "his freedom of movement" such that he is "not free to leave." *Brendlin v. California*, 551 U.S. 249, 254 (2007). The general rule is that "seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." *Bailey v. United States*, 568 U.S. 186, 192 (2013). In other words, "[t]he Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, III*, 137 S.Ct. 911, 918 (2017) (citation omitted). "That can happen when the police hold someone without any reason before the formal onset of a criminal proceeding." *Id.* "[I]t can also occur when legal process itself goes wrong—when, for example, a judge's probable cause determination is predicated solely on a police officer's false statements." *Id.* "If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." *Id.* at 919.

Like the original complaint, the amended complaint alleges that the allegations of the criminal complaint were false as the district attorney wrote the criminal complaint after she obtained proof of innocence, and as such there was no probable cause for Plaintiff's arrest.

Insofar as Plaintiff contends that Beresford violated the Fourth Amendment in relation to the filing of the criminal complaint, as noted in the report and recommendation as to the original complaint, Beresford is entitled to absolute prosecutorial immunity.

As to the allegation that his arrest was not supported by probable cause, Plaintiff's claim against Beresford also fails because Plaintiff's amended complaint admits that Plaintiff was arrested by the El Dorado County Sheriff's Department and not by Beresford.

Finally, Plaintiff alleges that the warrant was issued because the DA decided to file an arrest warrant along with a fugitive of justice warrant. This blanket statement is contradicted by Plaintiff's allegations that Plaintiff was arrested by El Dorado County Sheriff's deputies at his parents home related to Detective Hatley's investigation (which had begun five weeks prior). Plaintiff does not include sufficient *factual allegations* that plausibly suggest Beresford's involvement in the arrest warrant phase that would bring her conduct outside the scope of prosecutorial immunity. Since Plaintiff has already had an opportunity to amend to state a Fourth Amendment claim against Beresford and the court specifically advised Plaintiff that he needed to include factual allegations to support such a claim, it is recommended that this claim be dismissed with prejudice.

**2. Count II-Eighth Amendment**

In Count II, Plaintiff asserts that his bail was set at $100,000; his charges were "insane," the sentence for the charges was up to three life sentences, which he claims is excessive and grossly disproportionate; the Carson City Public Defenders are inadequate; a witness stated to police they had gone inside Plaintiff's apartment; the courts do not need evidence or testimony; and Hatley could repeat what he was told. (ECF No. 12 at 8.)

First, Plaintiff was not given leave to amend to assert a new Eighth Amendment violation. Second, this count does not direct any specific factual allegations at any named defendant. Third, Plaintiff concedes he did not actually face the possible sentence for the crimes charged. For these reasons, it is recommended that Count II be dismissed with prejudice.

**3. Count III-Fourteenth Amendment**

Plaintiff alleges that he has the right to be treated equally under the law and the right to due process. He states that a district attorney has a duty to show probable cause before commencing prosecution, and the judicial branch has a duty to perform an evidentiary hearing. (ECF No. 12 at 9.)

The court interprets this as Plaintiff's attempt to both re-hash his claim in Count I and to get around the court's prior rulings on absolute prosecutorial and judicial immunity. Moreover, Plaintiff fails to state any separate claim under the Fourteenth Amendment; therefore Count III should be dismissed with prejudice.

**4. Count IV-Libel**

Plaintiff alleges that an article or statement was "seemingly" written by the District Attorney's Office and forwarded to local news companies with Plaintiff's name, birthday, picture and false allegations against Plaintiff which resulted in Plaintiff receiving harsh comments and death threats. (ECF No. 12 at 9.)

This claim was already dismissed *with prejudice*.

**5. Count V-Witness Tampering**

Plaintiff alleges that it appears that the child witness was patently coerced. During her first two interviews she said, "I don't know what you're talking about." According to Hatley, she was forced to comply with an invasive rape exam which revealed nothing out of the ordinary. Then she

9

was isolated from her family and interrogated by Hatley for a third interview where the responses to questions were suggested to her. Other witnesses complained that law enforcement harassed them. (ECF No. 12 at 10.)

As was stated in the report and recommendation screening the original complaint: "[T]here is no constitutional due process right to have child witnesses in a child sexual abuse investigation interviewed in a particular manner, or to have the investigation carried out in a particular way." *Devereaux v. Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001). "Consequently, mere allegations that Defendants used interviewing techniques that were in some sense improper, or that violated state regulations, without more, cannot serve as the basis for a claim under § 1983." *Id*. *Devereaux* stated that to state such a claim, there must be allegations that the investigative techniques used "were so coercive and abusive that [the defendant] knew or should have known that those techniques would yield false information." *Id*. at 1076 (citations omitted).

Here, Plaintiff still has not included factual allegations to plausibly suggest that Detective Hatley's interview techniques "were so coercive as to be abusive" so as to suggest that he knew they would yield false information. Plaintiff provides general and conclusory statements that Detective Hatley used suggestive interview tactics and that the witness was subject to an invasive exam, but does not provide *factual* allegations demonstrating what Hatley did that could be considered so coercive as to be violative of Plaintiff's rights. Therefore, this claim should be dismissed with prejudice.

**6. Count VI- Abuse of Process**

Plaintiff alleges that the District Attorney refused to drop the charges "to abuse the process of Heck v. Humphrey case law" or to gain immunity. He avers that the District Attorney should

have known she was required to drop the case. Plaintiff claims his choice was to plead no contest or go to trial. He contends that this was abuse. (ECF No. 12 at 10-11.)

As Plaintiff was advised in the report and recommendation screening the original complaint, the two fundamental elements that constitute the basis of the tort of abuse of process are: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *See Posadas v. City of Reno*, 851 P.2d 438, 444-45, 109 Nev. 448, 457 (Nev. 1993) (citation omitted). "The mere filing of a complaint with malicious intent is insufficient [to state an abuse of process claim.] … [T]here must also be some subsequent act to filing which abuses the process." *Laxalt v. McClatchy*, 622 F.Supp. 737, 741 n. 3 (D. Nev. 1985)), *overruled on other grounds by LaMantia v. Redisi*, 38 P.3d 877 (Nev. 2002)).

As with the original complaint, Plaintiff still does not allege the defendants used the legal process to accomplish a goal other than for what it was created. Plaintiff remains focused on the district attorney's refusal to drop the charges against him; however, a prosecutor enjoys absolute immunity concerning the decision of whether and when to prosecute charges. *See Milstein v. Cooley*, 257 F.3d 1004, 1012 (9th Cir. 2001); *Morley v. Walker*, 175 F.3d 756, 760 (9th Cir. 1999) (failure to dismiss charges after learning new information related to prosecutorial activity for which courts have granted absolute immunity). Therefore, the abuse of process claim should be dismissed with prejudice.

**7. Count VII- Negligence**

Plaintiff alleges that Beresford was negligent of her duties to the public. (ECF No. 12 at 11.) Plaintiff's amended complaint fails to contain any specific facts to state a colorable State negligence claim against Beresford. Therefore, this claim should be dismissed with prejudice.

### C. Conclusion

Plaintiff's amended complaint fails to state any claim upon which relief may be granted. Since Plaintiff has already had an opportunity to amend to state a claim, this action should be dismissed with prejudice. In light of this conclusion, Plaintiff's motion for injunctive relief should be denied as moot.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE** for failure to state a claim upon which relief may be granted, and **DENYING** the motion for injunctive relief (ECF No. 6) as moot.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

**IT IS SO ORDERED**.

Dated: July 31, 2019.

_____
William G. Cobb
United States Magistrate Judge